hON APPLICATION FOR REINSTATEMENT
 

 PER CURIAM.
 
 *
 

 This proceeding arises out of an application for reinstatement filed by petitioner,
 
 *848
 
 Sloan Richard, an attorney who is currently suspended from the practice of law in Louisiana.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 In
 
 In re: Richard,
 
 08-2603 (La.12/19/08), 996 So.2d 291 (hereinafter referred to as
 
 “Richard I
 
 ”), we accepted a petition for consent discipline filed by petitioner and the Office of Disciplinary Counsel (“ODC”) and suspended petitioner from the practice of law for three years, with all but one year and one day deferred, for violating Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct. Petitioner subsequently filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The ODC concurred in petitioner’s reinstatement. Accordingly, the matter was referred to the disciplinary board for review.
 

 After considering the evidence presented, the board recommended to this court that petitioner be reinstated to the practice of law. The board further recommended pthat the time period within which the deferred portion of petitioner’s suspension in
 
 Richard I
 
 may become executory in the event of further misconduct by petitioner be set at two years from the date of petitioner’s reinstatement.
 

 After considering the record in its entirety, we will adopt the disciplinary board’s recommendation and reinstate petitioner to the practice of law. However, we will also place petitioner on supervised probation for a period of two years, subject to the following conditions:
 

 1. Petitioner shall maintain his trust account in accordance with the Rules of Professional Conduct.
 

 2. Petitioner’s trust account shall be subject to quarterly review by a monitor approved by the ODC, at petitioner’s expense, during the period of probation.
 

 3. Petitioner shall attend a session of the LSBA’s Trust Accounting School.
 

 4. Petitioner shall attend a session of the LSBA’s Ethics School.
 

 5. Any violations of these conditions or other misconduct during the probationary period shall be grounds for making the deferred portion of the suspension in
 
 Richard I
 
 executory, and/or imposition of additional discipline, as appropriate.
 

 DECREE
 

 Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that Sloan Richard, Louisiana Bar Roll number 28737, be immediately reinstated to the practice of law in Louisiana. It is further ordered that petitioner shall be placed on supervised probation for a period of two years, governed by the conditions set forth in this opinion. The probationary period shall commence from the date petitioner, the ODC, and the probation monitor execute a formal probation plan. Any failure of petitioner to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for |smaking the deferred portion of the suspension imposed in
 
 In re: Richard,
 
 08-2603 (La.12/19/08), 996 So.2d 291, executory, or imposing additional discipline, as appropriate. All costs of these proceedings are assessed against petitioner.
 

 *
 

 Chief Justice Kimball not participating in the opinion.